UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | | |
|---|---|---|---|
| CECIL BOYD *et al.*, | : | | |
| | : | | |
| Plaintiff, | : | Civil Action No.: | 04-0543 (RMU) |
| | : | | |
| v. | : | Document No.: | 30 |
| | : | | |
| DISTRICT OF COLUMBIA, and SAMANTHA ROBINSON, | : : | | |
| | : | | |
| Defendants. | : | | |

**MEMORANDUM ORDER**

GRANTING THE PLAINTIFF'S MOTION TO AMEND THE COMPLAINT

**I. INTRODUCTION**

This case is a companion to *Jane Doe I, II, and III v. District of Columbia*, Civil Action No. 02-2338. In that case, the Jane Doe plaintiffs claimed that the defendants required them to abort their pregnancies to maintain employment in the District of Columbia (the "District"). The plaintiffs in the instant case claim to be the fathers in two of the aborted pregnancies at issue in *Jane Doe*. They bring suit against the defendants for violating their alleged rights, as fathers, to have and raise children. This matter comes before the court on the plaintiffs' motion to amend the complaint. Because the plaintiffs' motion is not untimely and because the defendants have not demonstrated that the plaintiffs' proposed amendment is futile, the court grants the plaintiff's motion.

## II. Background

The plaintiffs filed their complaint on April 2, 2004. Pls.' Mot. for Leave to Am. Compl. ("Pls.' Mot.") at 1. The existing complaint alleges constitutional torts relating to the plaintiffs' right to procreate. *Id.* The plaintiffs move to amend the complaint because documentary discovery provided by the defendant on January 6, 2006 makes it "clear that supplemental claims can also be made in the alternative for direct negligence against defendant Robinson and vicarious negligence against defendant District of Columbia." *Id.* Both defendants oppose the motion to amend the complaint and argue that the plaintiffs' motion is untimely, will cause undue prejudice, and is futile.[1] Def. Robinson's Opp'n at 3;[2] District's Opp'n at 3.

## III. ANALYSIS

### A. Legal Standard for a Motion for Leave to Amend the Complaint

Under Federal Rule of Civil Procedure 15(a), a party may amend its pleading once as a matter of course at any time before a responsive pleading is served. FED. R. CIV. P. 15(a).

---

[1] Defendant Robinson also urges the court to deny the motion because the plaintiffs did not attach a proposed amended complaint to their motion. Def. Robinson's Opp'n at 2. Because the plaintiffs amended their motion by attaching a proposed amended complaint and because the defendants filed supplemental briefing addressing the merits of the amended complaint, the court does not consider this argument.

[2] The court notes that the motion does not contain any page numbers. The court's pincite, therefore, is based on the page numbers provided by the electronic filing system.

Additionally, Rule 15(a) allows a party to amend its pleading to add a new party.[3]  *Id*.; *Wiggins v. Dist. Cablevision, Inc*., 853 F. Supp. 484, 499 (D.D.C. 1994); 6 FED. PRAC. & PROC. 2d § 1474. According to our court of appeals, Rule 15(a) "guarantee[s] a plaintiff an absolute right" to amend the complaint once at any time so long as the defendant has not served a responsive pleading and the court has not decided a motion to dismiss. *James V. Hurson Assocs., Inc. v. Glickman*, 229 F.3d 277, 282-83 (D.C. Cir. 2000) (citing FED. R. CIV. P. 15(a)).  If there is more than one defendant, and not all have served responsive pleadings, the plaintiff may amend the complaint as a matter of course with regard to those defendants that have yet to answer.  6 FED. PRAC. & PROC. 2d § 1481.  Motions to dismiss and for summary judgment do not qualify as responsive pleadings for the purposes of Rule 15.  *James V. Hurson Assocs.*, 229 F.3d at 283; *Bowden v. United States*, 176 F.3d 552, 555 (D.C. Cir. 1999); *U.S. Info. Agency v. Krc*, 905 F.2d 389, 399 (D.C. Cir. 1990).

Once a responsive pleading is served, however, a plaintiff may amend the complaint only by leave of the court or by written consent of the adverse party.  FED. R. CIV. P. 15(a); *Foman v. Davis*, 371 U.S. 178, 182 (1962).  The grant or denial of leave lies in the sound discretion of the district court.  *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996).  The court must,

---

[3]  A motion to amend a complaint to add a party may also implicate Federal Rules of Civil Procedure 20 and 21, the joinder rules. *Oneida Indian Nation v. County of Oneida*, 199 F.R.D. 61, 72 (N.D.N.Y. 2000).  Once a responsive pleading has been served, however, the standard for adding a party is the same regardless of the rule under which the motion is made: the decision lies within the discretion of the court. *Wiggins v. Dist. Cablevision, Inc.*, 853 F. Supp. 484, 499 n.29 (D.D.C. 1994) (Lamberth, J.) (stating that "[i]t is well established that after a responsive pleading has been served, the standards for adding parties are the same whether the motion is made under Rule 15 or Rule 21"); *Oneida Indian Nation*, 199 F.R.D. at 72 (noting that "in practical terms there is little difference between [Rules 15, 20, and 21] in that they all leave the decision whether to permit or deny amendment to the district court's discretion"); 6 FED. PRAC. & PROC. 2d § 1474 (indicating that "the same basic standard for adding or dropping a party will apply whether the pleader moves under Rule 15(a) or Rule 21").

however, heed Rule 15's mandate that leave is to be "freely given when justice so requires." *Id.*; *Caribbean Broad. Sys., Ltd. v. Cable & Wireless P.L.C.*, 148 F.3d 1080, 1083 (D.C. Cir. 1998). Indeed, "[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Foman*, 371 U.S. at 182. Denial of leave to amend therefore constitutes an abuse of discretion unless the court gives sufficient reason, such as futility of amendment, undue delay, bad faith, dilatory motive, undue prejudice, or repeated failure to cure deficiencies by previous amendments. *Id.*; *Caribbean Broad. Sys.*, 148 F.3d at 1083.

### B. The Court Grants the Plaintiffs' Motion to Amend the Complaint

The defendants oppose the plaintiffs' motion to amend the complaint principally on timeliness grounds. Defendant Robinson states that additional discovery may be necessary because "a claim of negligence is substantially different from the constitutional violation claimed in the plaintiffs' complaint." Def. Robinson's Opp'n at 3. Additionally, she argues that the plaintiff's motion does not comply with this court's scheduling order, which required the parties to file motions to amend pleadings on or before November 4, 2005. *Id.* The District argues that the late amendment causes it undue prejudice. District's Opp'n at 4. In particular, the District states that "[i]t has not sought to develop through discovery or otherwise any defense to a negligence action." *Id.* at 5.

Although "undue delay" is a sufficient reason to deny a motion for leave to amend the complaint," *Foman*, 371 U.S. at 182, the plaintiffs' motion here is not unduly tardy. First, the plaintiffs filed their motion three months after receiving the discovery that showed them they could assert negligence claims. Second, the plaintiffs' failure to comply with the court's

scheduling order is due in part to the defendants' own failure to comply with the scheduling order. Although discovery was due on or before October 28, 2005, the defendants did not propound the discovery that gave the plaintiffs notice of their negligence claims until January 6, 2006. The plaintiffs claim that had they received the defendants' discovery in a timely fashion, they would have been able to file their motion to amend the complaint before the deadline set out in the scheduling order. Third, discovery in this matter did not close until August 23, 2006. As the plaintiffs filed their motion to amend the complaint four months before the close of discovery, the court infers that the defendants have had ample time to seek the extra discovery they may need to address a negligence claim.[4] Because the plaintiffs filed their motion to amend the complaint shortly after learning of their new claims and because the parties have had ample time to receive additional discovery in this case, the court concludes that the motion for leave to amend the complaint is not untimely and will not cause undue prejudice.[5] *Caribbean Broad. Sys., Ltd.*, 148 F.3d at 1084 (stating that in consideration of a motion to amend the complaint,

---

[4] The court's conclusion is also based on the defendants' representations in its motion for an extension of time to file dispositive motions. On September 25, 2006, the court granted the defendants' motion for an extension of time to file dispositive motions. Min. Order (Sept. 25, 2006). The court granted the defendants' motion in part based on their representation that the additional time would provide the defendants enough time to address the negligence claims. *See* Mem. of P. & A. in Supp. of Unopposed Mot. to Enlarge Deadline for Filing Dispositive Mot. at 4. The fact that the defendants will address the negligence claims in a dispositive motion further supports the court's conclusion that the defendants have sought discovery related to the negligence claims.

[5] In support of its argument that granting the motion for leave to amend the complaint will cause it undue prejudice, the District states that the amendment places it in an "unfair litigation bind" because it prevents it from "point[ing] the finger at the real alleged wrongdoer [defendant Robinson]." *Id.* at 5-6. The court cannot fathom the meaning of this argument. Indeed, the court fails to see how adding a negligence claim will somehow hamper it in asserting its lack of wrongdoing as a defense. The court therefore declines to address this argument. *Stephenson v. Cox*, 223 F. Supp. 2d 119, 122 (D.D.C. 2002) (noting that "the court's role is not to act as an advocate for the plaintiff and construct legal arguments on his behalf").

timeliness is "relevant only insofar as it suggests either bad faith on the part of the moving party or potential prejudice to the non-moving party should an amendment be allowed").

The defendants additionally argue that the court should not grant the plaintiffs' motion because it is futile.[6]  Def. Robinson's Second Opp'n at 2.  Defendant Robinson argues that the complaint is futile because mere negligence cannot lead to personal liability for an official.  *Id.* While this argument may indeed be meritorious, the court does not have enough information to evaluate the defendants' position at this time.  Because the defendants have not shown that the plaintiffs' amendment is futile, and absent any other reason for the court to depart from the common practice that motions to amend be "freely given," *Firestone*, 76 F.3d at 1208, the court grants the motion to amend the complaint.

Accordingly, it is this 12th day of December, 2006,

**ORDERED** that the plaintiffs' motion to amend the complaint is **GRANTED**.

**SO ORDERED**.

RICARDO M. URBINA<br>United States District Judge

---

[6] The court notes that, like defendant Robinson, the District asserts that motion to amend the complaint is futile.  District's Opp'n at 1.  The District, however, does not support this assertion with any arguments in its analysis.  The court's analysis, therefore, is based on defendant Robinson's arguments.